**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Randi Hari,<br><br>       Plaintiff,<br>v.<br><br>LHR, Inc. and Miranda Morgan,<br><br>       Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and invasions of privacy in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Randi Hari is a natural person who resides in the City of Spring Lake Park, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or a person affected by a violation of the FDCPA with standing to bring this claim.

-1-

5. Defendant LHR, Inc. (hereinafter "LHR") is a New York corporation operating from an address 56 Main St., Hamburg, NY 14075 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Miranda Morgan (hereinafter "Morgan") is a natural person who is employed by Defendant LHR as a collector and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer credit card debt with Fleet Bank/First National Bank of Omaha in the amount of approximately $9,000.

8. In 2008, Plaintiff filed a Chapter 7 bankruptcy petition within which this debt was listed and Plaintiff's obligation for it subsequently discharged by the United States Bankruptcy Court, USBC-MN File No. 08-40715, on May 28, 2008.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

## *February 9, 2009 Collection Call*

10. On February 9, 2009, Defendant Morgan contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant Morgan had called Plaintiff at her mother's home telephone number.

12. Plaintiff had previously advised Defendant LHR and its collection employees not to call her again on that telephone number and that Plaintiff had filed bankruptcy on this debt.

13. Defendant LHR and its employees had repeatedly contacted her and demanded that she pay this debt in violation of the Bankruptcy Code and in invasion of her right to privacy.

14. Defendant LHR's collection personnel previously told Plaintiff that they would remove the mother's telephone number from their system and would not call Plaintiff again on her mother's telephone number.

15. Despite having been previously and repeatedly been advised that Plaintiff had filed bankruptcy on this debt and did not owe it, during this collection call Defendant Morgan argued with Plaintiff and demanded a settlement payment of $2,600 on this debt from Plaintiff.

16. Plaintiff reiterated that she did not owe this debt and could not afford to pay it as it had been discharged in bankruptcy.

17. Plaintiff told Defendants not to call her or her mother's phone again.

18. During this conversation, Defendant Morgan argued with Plaintiff over whether Morgan was actually in a legal or litigation department.

19. Plaintiff explained that the telephone number belonged to her mother who was elderly and very sick and the calls were upsetting to her mother and Plaintiff.

20. Plaintiff also asked Defendant Morgan why she was calling and leaving messages for her former boyfriend, Greg Palmer, on a phone number that did not belong to Mr. Palmer.

21. Defendant Morgan ignored this question and instead renewed her efforts at illegally collecting this debt from Plaintiff.

22. Defendant Morgan was rude and intimidating to Plaintiff during this call.

23. Thereafter, Defendant Morgan's collection call to Plaintiff ended.

24. These communications as more further described above were attempts to collect a debt by illegally contacting a third-party in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692c(b), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10),


and 1692f, amongst others, as well as an invasion of Plaintiff's right to privacy.

### *Collection Call from Defendant LHR in Fall 2009*

25. Sometime in or around the Fall of 2009, Defendant LHR again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. Plaintiff received the collection phone call from Defendant LHR in the form of a message on her phone asking for Greg Palmer.

27. The collection message stated that the call was from Defendant LHR and was an attempt to collect a debt from Greg Palmer.

28. The message also left a name and a phone number to return the call to LHR.

29. Despite having been previously told not to contact Plaintiff; that Plaintiff had discharged this obligation in bankruptcy; and, that Mr. Palmer did not live with her and did not share any telephone with her, Defendants persisted in attempting to collect this debt from Plaintiff in violation of the federal Bankruptcy Code.

30. Plaintiff felt harassed and annoyed that Defendant LHR was persisting it its collection efforts from her on this debt for which she had no legal obligation

and by Defendant LHR's repeated messages for her former boyfriend, Greg Palmer, on her telephone.

31. These communications as more further described above were attempts to collect a debt by illegally contacting a third-party in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692c(b), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others, as well as an invasion of Plaintiff's right to privacy.

### *Summary*

32. The above-detailed conduct by Defendant LHR of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to Plaintiff.

33. Defendant LHR's repeated communications with Plaintiff to collect this debt, a person whom did not owe this debt, were an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional

distress, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

35. The acts and omissions of Defendant Morgan, and the other debt collectors employed as agents by Defendant LHR, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendant LHR.

36. The acts and omissions by Defendant Doe and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant LHR in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, Defendant Morgan and these other debt collectors were motivated to benefit their principal, Defendant LHR.

38. Defendant LHR is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

42. As a result of each Defendant's violations of the FDCPA, Plaintiff entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

45. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and

> confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

46. Defendant LHR and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

47. Defendant LHR and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

48. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

49. Defendant LHR's and its agents' conduct in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment be entered against each Defendant as follows:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

### **COUNT II.**

### **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff; and

- for such other and further relief as may be just and proper.

<␀␀

<␀␀

                                      Respectfully submitted,

Dated: February 8, 2010                       **BARRY & SLADE, LLC**

                                      By:  **s/Peter F. Barry**
                                      Peter F. Barry, Esq.
                                      Attorney I.D.#0266577
                                      2021 East Hennepin Avenue, Suite 195
                                      Minneapolis, Minnesota 55413-1773
                                      Telephone:  (612) 379-8800
                                      Facsimile: (612) 379-8810
                                      pbarry@lawpoint.com

pfb/ra                                            **Attorney for Plaintiff**